Good morning. Good morning. I'm Margaret McGoy for the United States. May I reserve three minutes for rebuttal? Yes. A month after the government filed its opening brief in this case, a panel of this court decided Marshall v. Bristol Superior Court. That was an appeal by the Commonwealth of Massachusetts from an order of a district court in Massachusetts granting a federal writ of habeas corpus on double jeopardy grounds. The unanimous panel in Marshall decided to reverse the grant of the writ. The opinion began by stating that the principles of double jeopardy are the same for both federal and state prisoners and that makes good sense because everyone is governed by the United States Constitution. The opinion then cited the rule with respect to double jeopardy, which is that when a conviction is reversed for factual evidentiary insufficiency, the double jeopardy clause prohibits a second trial and that is the case even if the reversal is egregiously erroneous as it was in Evans v. Michigan. However, the court then made clear that there is an exception to the double jeopardy bar when the reversal is based on procedural error. I don't want to deal with more than a reversal, though, because I understand that there was actually, following remand, an entry of acquittal. And so, isn't the acquittal your problem? This fellow has been acquitted of an indictment and the indictment contains, as I understand it, essentially every single element or fact that you now wish to charge him again with. I think that is not a problem for us, Judge Cayotta, for the following reason. We had no choice after the conviction was vacated but to dismiss that indictment. But in the very opinion that directed us to vacate that conviction, three times the majority in Delicentos 1 made clear that there was at least arguably sufficient evidence to convict of the cocaine only conspiracy and the dissent very clearly made that point by pointing out that Mr. Zipp in particular admitted his guilt of the cocaine only conspiracy. So, for double jeopardy purposes, the only conspiracy on which these defendants have ever been placed in jeopardy was the conspiracy in Maine and Massachusetts that involved both cocaine and marijuana. They have never been placed in jeopardy on the cocaine only conspiracy here in Massachusetts. So, if I'm indicted for selling one five pound unit on one day and a second five pound unit on a second day and then I get acquitted, you can turn around and indict me for just selling the first unit, as I understand your theory? Well, if I am reading the Marshall case correctly, the Marshall case looks for the basis for the setting aside of the verdict. And it says two places, if I may quote the court, two places. One is, it says it is an exception to the double jeopardy bar, quote, where a conviction is reversed on appeal because of the variance between the indictment and the proof established at trial, that's page 15. And at page 18, where a reversal is based upon a variance between the crime charged in the indictment and the crime proved at trial. And that brings me to page 116 of the original opinion involving these defendants, which says, we hold that evidence against DelaSantos and Zipp varied from a conspiracy specified in the indictment and that variance caused each of them to suffer unfair prejudice. So in the government's view, that makes absolutely clear that the basis for vacating the conviction on the Maine and Massachusetts cocaine and marijuana conspiracy was the procedural error of prejudicial variance. Except in Bristol, what happened, you have the reversal. It goes back down to the trial court, as I understand it. There's no judgment of acquittal entered. There's then a retrial. And so, on the theory that you've just articulated, here though, on remand, we actually have a judgment of acquittal. So we've got an indictment that charges what seems to be a greater offense than this lesser included element and a judgment of acquittal on that. You don't have that in Bristol. Well, in Bristol, in some ways, it was more problematic because the basis for the judgment of acquittal originally was on accessory before the fact to murder. And the Commonwealth subsequently indicted the defendant for the murder itself. And this court concluded that there was no double jeopardy bar because the basis for setting aside the original conviction was the procedural error of prejudicial variance. And in this case, I counted them up, Judge Chaotic. This court's majority opinion in De Los Santos 1 uses the word variance 18 times. And that's in addition to saying specifically we hold that there was a prejudicial variance. So the fact that there was a judgment of acquittal on the cocaine and marijuana conspiracy in the government's view is no bar whatsoever because, as this court repeatedly pointed out the majority in the first opinion, the cocaine only conspiracy is a different conspiracy than the one involving cocaine and marijuana. But isn't that always true of a lesser included offense? Well, the problem with that analysis by saying that simply because it is a lesser included offense, the double jeopardy clause prohibits a retrial. If there had been no prejudicial spillover, this court would have affirmed on a lesser included offense charge. It specifically stated that a properly charged jury the first time around could have found the defendants guilty of a cocaine only conspiracy. So the reason it was vacated was because of the prejudicial spillover. And that brings us right back to the procedural error of prejudicial variance. Counsel, I thought your point was that there is no lesser included offense that the holding in the first case from here was that there were, factually speaking, there were two different agreements which would, under Blockberger, would say that there's an element in one that isn't present in the other. And you are absolutely correct in our first line position, but I'm answering the backup question as to whether if this court should conclude that the cocaine only conspiracy was a lesser included offense, that in that instance the double jeopardy clause still would not bar it. So we have two lines of argument. One is that the court, the majority, repeatedly said that there were two different conspiracies. They said that, again, by the government's count. It was 20 times there were different conspiracies, 18 times the court said that the reason for vacating the conviction on the cocaine and marijuana conspiracy was because of prejudicial variance. The Marshall case very flatly stands for the proposition that if the basis for reversal is prejudicial variance, that there is no double jeopardy bar to a retrial. Now I see that I have some time left, but I would very much like to make sure I do not cut into my rebuttal because today is my first opportunity to hear the defendant's response to the government's reliance on the Marshall case. So unless the court has other questions... Well, I'm still waiting to draw the line. Every large conspiracy has an infinite number of lesser included smaller conspiracies. So if we would accept your theory that when the government brings an indictment charging a large conspiracy and there's a judgment of acquittal entered, that the government can then turn around and indict and retry on that same conspiracy, just minor pieces to make it a smaller, i.e., different conspiracy, how do you draw the line that would allow us to sustain your position here and yet not create endless opportunities for the government? Well, in this case, I draw the line, Judge Cayota, because of the repeated statements in De Los Santos 1 that they were separate and distinct conspiracies. But that's always true. Every lesser included is by definition separate than the other one. Certainly for appearances of variances, they're always different. So if you take the assumption that the lesser included is by definition different than the greater one, it seems to me then your theory would say the government could infinitely keep reindicting until they got a conviction. Well, in practicality, that is not going to be a problem because if there is a larger conspiracy and the defendant is convicted and it goes up again on prejudicial variance grounds, if the court finds there was no prejudicial variance, then there will not be another trial. But that's not the scenario. We're concerned about an acquittal. So you indict on the large conspiracy. There's an acquittal. You then turn around and say, here's the smaller conspiracy. We've dropped out the cocaine part of it. So it's now different. We want a second bite at the apple. And again, I come back to whether the unanimous panel in Marshall meant what it said. So you're saying you could do that? I am saying we could do that. And if you struck out that time, then you could carve out yet another element, drop the marijuana and get it down to meth, and try the guy again and again until you finally get a conviction. And that was the theory that the habeas corpus judge advanced in the Marshall case, and that was the theory that this court rejected. The court looked exclusively to the reason for setting aside the conviction, regardless of whether you call it a reversal or a vacation, whatever you call it. It was setting aside the initial conviction for the procedural error of prejudicial variance. If the court has further questions, I'd be happy to answer them now, or again, I will wait for rebuttal. Thank you. Ms. Milton? My name is Kaylee Milton, and I represent the appellee, Mr. Richard Zift. Mr. Zift is asking that this court affirm the lower court's dismissal of count one of the indictment on double jeopardy grounds. What Marshall does in this case is Marshall sets out the vehicle for looking at variances. Marshall says that you look to the highest court and see if that highest court overturned the verdict because of a prejudicial procedural variance or because of insufficiency of the evidence. The threshold question for this court is whether or not the Rule 29 motion, judgment for acquittal, which was given to our clients, was based on insufficiency of the evidence. In Marshall, this court had to look to the state court's decisions, which were very complicated, and this court had to unpack those decisions. And what they did was look and see what the court said the reason for the vacation of the verdict was. And in Marshall, the court said it was a defect in the indictment. It was a procedural flaw. In this case, this court has been very clear. We look at the highest court's opinion as to why there was a judgment of acquittal. And this court was clear that the reason was there was insufficient evidence. We know that that's clear because this court told Justice Singal that he erred in not entering the judgment of acquittal. So when it went back down to Judge Singal, he entered the judgment of acquittal. We also know that sufficiency of the evidence was the issue for this court, because although, Mr. Howard, you didn't agree with us, you dissented on the issue of sufficiency of the evidence. So we know that's the issue that this court was looking at, and we know... I thought, and I wrote the opinion, that the opinion had to do with the variance. Yes, Your Honor. Is that insufficiency? I could be wrong. There are many different types of variances. Variance is kind of an umbrella term, so once you say that something is a variance, you have to look and see what type of mischief that variance causes. When you look at the variance, it may be a due process variance, a defect, a notice issue, like it was in Marshall. Or it may be a variance in that the evidence was insufficient to sustain the verdict, as it was in this case. So once we know that there is insufficiency of the evidence, we look to see if the government can, in fact, try our client on the same crime. And here we do have the same crime, according to the factors in Laguna. I have to read my opinion again, and maybe you can help me with it. But I thought the problem was that the government had proven – well, I'll stop there, because I'm not sure what I said. I have to read it again. But you tell me what you think I said. Yes, sir. I think that what you said was that the government charged an overarching conspiracy that happened to involve two drugs. And, in fact, for some of the other defendants, the government proved its case. But the evidence, under your opinion – Mr. Justice Howard disagreed – but under your opinion, the evidence was not sufficient to show that Mr. Zipp entered into that overarching conspiracy. And if you look at everything that the government has presented, if they can't prove the crime that they've charged, that's insufficiency of the evidence. That's not a variance. A variance would be, for example, if the government charged that Mr. Zipp was driving a red truck and it turned out the evidence at trial showed he was driving a blue truck. It still shows that he was driving the truck in the indictment. It still shows that the crime charged was proven. But here, when you looked at all of the evidence that the government presented, they did present evidence that showed there was a big overarching conspiracy, but Mr. Zipp and Mr. De Los Santos were not part of that conspiracy. That's insufficient evidence to prove the crime. And that's why we get the judgment of acquittal. And that's the end of the inquiry as to that. And then we look at the Laguna factors, and we see that this crime is, in fact, the same crime that they were charged with before. The government intends to present absolutely no new evidence. Judge Singo invited the government to bring forward new evidence specifically, and the government was very clear. We intend to use the exact same evidence, minus the marijuana. They've been charged under the same statute. It's a subset of the people. It's a subset of the time, and it's in the exact same place. This is the same crime. Are there further questions? I'm still going to read my opinion. I mean, you know best, obviously. Thank you. Mr. Hughes? I'm sorry if I mispronounced your name. No, you're just right, Your Honor. Thank you. May it please the Court, I'm James Hughes. I represent Ramon De Los Santos. The government's position is that even though there was variant language, that somehow negates the nine times the Court said in De Los Santos 1 that there was insufficient evidence, that it negates that this Court said the district court erred by not granting a Rule 29 judgment of acquittal, that it negates the fact, as Judge Hayata pointed out, that Judge Singo issued a judgment of acquittal for both Mr. De Los Santos and Zips, and that it negates what this Court said on page 115 of your opinion, Your Honor, that they were going to do, that you did, quote, on page 115 of your opinion, a traditional sufficiency of evidence standard to the claims. And they also, and the government says that by having some language about variants, that that negates the five-factor analysis of Laguna. What makes this different than Marshall and the other cases cited by the government? Marshall was a state habeas case that was decided on Massachusetts law. It was deferential to them. It involved a murder, not a conspiracy. That Marshall does not have nine times judgment of acquittal, does not have nine times sufficiency, excuse me, does not have a judgment of acquittal, and it does not have these things that De Los Santos has. It is not an either-or proposition. Yes, there is mention of variants in De Los Santos, but there's also mention, as I said, the insufficient evidence and the judgment of acquittals. Justice Brennan said in Justices of Boston Municipal Court v. Leiden that courts should address sufficiency claims along with other claims. And I think that's what you did here. You addressed the sufficiency claims here. He was writing this in the context of Burke. He said, or Burke has no meaning. That was, so there's been a line of cases from Fang Fu out of here, the First Circuit, that's the Supreme Court, Martin Lennon, Burke, and the 2013 case of Evans v. Michigan that give absolute finality to verdicts of acquittal. Evans v. Michigan even said, any ruling that the prosecution's proof is insufficient to establish criminal liability. Any ruling. And then Martin Lennon said, a resolution of some or all of the factual elements. So it stands for the proposition that once there's an acquittal, that's it. Now, yes. Help me here. Under Bristol, in this case, if we follow Bristol, couldn't the government, after the conviction was set aside and the case was remanded to the district court, couldn't the government have retried? No. Why not? Because before there was any acquittal entered. Before there was any judgment of acquittal entered. No, I think that they, I think the First Circuit ordered, you know, that he erred. Because he erred by not granting a Rule 29 acquittal, that the judge had to do that. If, for example, Judge Single, during the trial, had done a Rule 29 acquittal, the court would have hit them for the smaller cocaine conspiracy that they're doing now. What if they're separate conspiracies? If they are two different agreements, that means there's an element in each of the charges that's not present in the other, which is just standard blockburger. So could you just address that? I understand your lesser included argument, but I'm not sure that's what our holding was in the first case here. Well, for conspiracies, the analysis for double jeopardy is the five-part Estella Luga test. And all five of those, similar to the Calderon case in the Second Circuit, all five of those are on point. It's just amazing. You know, the time, the people, the location. Can you focus on the agreement? Because it seems to me that if there's sufficient proof of the agreement for the broader conspiracy, then if the cocaine conspiracy is a lesser included, then that's covered. And I take your argument. But if they are separate conspiracies because the agreements are different and there is no crossover, it seems to me that presents a different issue. What am I missing? In the five-part test, agreement is not part of it. And the reason is because agreement can be made smaller, smaller, smaller. That's my understanding of how to address that, Your Honor. Agreements can change. Okay, you're not part of the overarching. Now we're going to do this. Can I just say that I think there are policy reasons here, Your Honor. If my client, if you allow successive prosecutions, the government can then often allege these large conspiracies. Give them freedom to do that because if they do and they're found not guilty, they can just do a smaller conspiracy, a smaller conspiracy. And that's public policy. That's not right. And I just want to end by saying that my client, Mr. De Los Santos, you know, is married, working, has moved on with life. And when Evans versus Michigan. No, that's really not relevant. Thank you. Thank you, Your Honor. Judge Torway, I have read your opinion many, many times. Well, he must have a lot of time in his hands. It is a significant reason to read it. May I read you the operative portion of it again? It's 100 and how many pages? I have it right 22. Yeah, I bet you can find support for almost any argument in that wrong opinion. Well, I find particular support for the argument that the question of evidentiary sufficiency only became relevant in relationship to the question of procedural error of prejudicial variance. And that, if I may read to the court from page 116 of the opinion, again, quoting the holding that the evidence against the two defendants varied and accordingly the Rule 29 motion should have been granted. The very next sentence says, when a defendant asserts a claim of variance premised on the notion that multiple conspiracies existed and that his activities were not part of the charged conspiracy, the initial question is one of evidentiary sufficiency. So the question of evidentiary sufficiency was relevant only in so far as the issue of prejudicial variance, which is, incidentally, something a notion that the court itself raised in the first De La Santos opinion. So, in terms of evidentiary sufficiency, this was not a ruling based on factual evidentiary insufficiency. It was a question of whether the evidence showed a prejudicial variance. There were three times, in your opinion, Judge Torrejo, where you said that the evidence was at least arguably sufficient to convict these defendants of a cocaine-only conspiracy, page 121, page 124, and page 125. Now, isn't there arguing against your argument? Because I have to tell you, I have no idea at this point how I'm going to come out. It's a worrisome case for me, however, particularly in view of the way you answered the questions that were posed by Judge Cayana, that the government can engage in interminable, small allegations and not be running into the double jeopardy principle, which is a pretty important principle. I understand, Judge Torrejo, and one of the things that I think makes this case different is what the order of relief was in De La Santos 1. It was not reversed and remanded for further proceedings. In that instance, the government could have done what Judge Cayana suggested, which is try the defendant only on the cocaine-only conspiracy. What this court did was it vacated the conviction. And when a conviction is vacated, it is null and void. It never existed. So the problem that you are anticipating is one that is readily handled by a reverse and remand as opposed to vacating a conviction. I see I have seven seconds left. Well, I'm going to take some of that time away from you right now because, frankly, double jeopardy doesn't just involve putting someone on trial with the possibility of being found guilty again. It also involves having all the problems that go with having to stand as a defendant in a criminal trial. So it's a little broader in scope. So it's not a question of the variance. It's a question of the prejudicial variance. And that is an instance that will not occur with the frequency that I think the court is anticipating. Does the court have further questions? I don't want to abuse my privilege of rebuttal. You've done well. Thank you. Thank you. The government would urge the court to reverse and remand for a trial on the cocaine-only conspiracy. Thank you.